United States District Court
Southern District of Texas
**ENTERED**
September 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br><br>v.<br><br>BALDEMAR CARDENAS MARTINEZ,<br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CRIMINAL NO. 2:19-175 |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Baldemar Cardenas Martinez's Motion for Compassionate Release / Reduction in Sentence. D.E. 36.

## I. BACKGROUND

In 2019, Defendant pled guilty to possession of child pornography. He has served roughly 42 months (67%) of his 63-month sentence and has a projected release date, after good time credit, of June 26, 2023. Defendant now moves the Court for compassionate release due to the ongoing COVID-19 pandemic and his conditions of confinement. He filed an administrative request for compassionate release with the Warden of FCI Oakdale on June 7, 2022, but he has not received a response.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>   (1) in any case—
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is

> earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*
> > *(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The Fifth Circuit previously considered U.S.S.G. § 1B1.13 an applicable policy statement when a prisoner, rather than the Bureau of Prisons (BOP), moved for relief under § 3582(c)(1)(A)(i). *United States v. Coats*, 853 F. App'x 941, 942 (5th Cir. 2021). In *Shkambi*, however, the Fifth Circuit "joined [its] sister circuits in holding that § 1B1.13 does not actually apply to § 3582(c)(1)(A)(i) motions brought by the inmate." *Id.* (citing *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) ("Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.")). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, 833 Fed. App'x 556, 556 (5th Cir. 2020)).[1]

---

1. **(A) Medical Condition of the Defendant. –**
    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
    (ii) The defendant is—
       (I) suffering from a serious physical or medical condition,
       (II) suffering from a serious functional or cognitive impairment, or
       (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    **(B) Age of the Defendant. –**
      The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or

Even if "extraordinary and compelling reasons" for early release exist, the Sentencing Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

"If the district court makes those two findings"—both that extraordinary and compelling reasons warrant a sentence reduction *and* that a reduction is consistent with the applicable Guidelines' policy statements—"then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the

---

        mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**
  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons. –**
  As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

"[T]he burden falls on the defendant to convince the district judge to exercise discretion to grant the motion for compassionate release . . . ." *Id.* at 361 (internal quotations and alterations omitted); *see also United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) ("In general, the defendant has the burden to show circumstances meeting the test for compassionate release.").

With respect to motions for compassionate release based on COVID-19:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.
>
> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

4

*Thompson*, 984 F.3d at 434–35 (collecting cases) (footnotes and citations omitted).

## III. ANALYSIS

### A. Extraordinary and Compelling Reasons

#### 1. COVID-19 Concerns

Defendant first argues that "the developing Delta and Omicron variants combined with lingering long-COVID symptoms presents a serious health risk factor for severe illness or death." D.E. 36, p. 4. He also complains that the COVID-19 vaccine does not prevent infection and may cause serious side-effects, including myocarditis, blood clots, vasculitis, autoimmune diseases, and more. Finally, Defendant states that "[h]e has not received adequate care or services while imprisoned and the medical conditions in the context of the covid-19 pandemic constitute extraordinary and compelling circumstances." *Id.*, p. 8.

Defendant has offered no evidence that he suffers from long-COVID symptoms and has not identified any underlying medical condition(s) that would make him particularly vulnerable to severe illness or death from COVID-19. He also does not identify the conditions for which he has not received adequate medical care. Finally, he does not claim to have personally experienced any side effects from the vaccine, nor has he offered any evidence of a medical contraindication for the vaccine. In fact, it is unclear whether Defendant has been vaccinated against COVID-19.

"Now that COVID-19 vaccinations are being administered throughout the Bureau of Prisons, compassionate release motions generally lack merit." *United States v. Reed*, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021). Courts in this district have repeatedly denied compassionate release to inmates who have been vaccinated against COVID-19, "finding that 'vaccination significantly reduces [the] risk of contracting COVID-19 or experiencing complications related to a COVID-19 infection.'" *United States v. Rodriguez*, 2021 WL 2635381,

at *4 (S.D. Tex. June 25, 2021) (quoting *United States v. Beltran*, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (denying compassionate release to inmate with underlying health conditions who had received first vaccine dose), and citing *United States v. Schad*, 2021 WL 1845548, at *3 (S.D. Tex. May 5, 2021) (denying compassionate release to 32-year-old inmate with aortic valve transplant and history of cerebrovascular disease who received both doses of the vaccine); *United States v. Fisch*, 2021 WL 1537274, at *1 (S.D. Tex. Apr. 19, 2021) (denying compassionate release to high-risk inmate who was offered and refused the vaccine); *United States v. Wedding*, 2:19-CR-1693 (S.D. Tex. Apr. 8, 2021) (denying compassionate release to inmate who developed asymptomatic COVID-19 infection three weeks after receiving second vaccine)).[2] Courts have similarly denied compassionate release to inmates who have declined vaccination, finding that "a refusal to take preventative measures to protect oneself from COVID-19 undermines any assertion that the risk of viral infection constitutes an extraordinary and compelling reason justifying release." *United States v. Downer*, 2021 WL 2401236, at *2 (D. Md. June 11, 2021). "While the vaccine is not 100% effective at preventing COVID-19 infection, it reduces the risk of serious illness or death from COVID-19, even in patients with high-risk medical conditions. For this

---

2. Decisions across the country overwhelmingly agree that the risk posed by COVID-19 to a vaccinated inmate is not an extraordinary and compelling reason for release. *See, e.g.*, *United States v. Burks*, 2021 WL 1394857, at *3-4 (W.D.N.C. Apr. 13, 2021); *United States v. Gomez-Vega*, 2021 WL 1339394, at *3 (D.N.M. Apr. 9, 2021); *United States v. Burks*, 2021 WL 1291935, at *2 (D. Minn. Apr. 7, 2021); *United States v. Jones*, 2021 WL 1172537, at *2 (E.D. La. Mar. 29, 2021); *United States v. Miller*, 2021 WL 1115863, at *2 (E.D. Mich. Mar. 24, 2021); 2021 WL 1110593, at *1 (W.D. Pa. Mar. 23, 2021); *United States v. Decano*, 2021 WL 1095979, at *6 (D. Haw. Mar. 22, 2021); *United States v. Williams*, 2021 WL 1087692, at *3 (D. Minn. Mar. 22, 2021); *United States v. Gabbard*, 2021 WL 1037724, at *3 (E.D. Mich. Mar. 18, 2021); *United States v. Kosic*, 2021 WL 1026498, at *2 (S.D.N.Y. Mar. 17, 2021); *United States v. Stewart*, 2021 WL 1011041, at *1 (D. Haw. Mar. 16, 2021); *United States v. Godoy-Machuca*, 2021 WL 961780, at *2 (D. Ariz. Mar. 15, 2021); *United States v. Williams*, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021); *United States v. Roper*, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021); *United States v. Cardoza*, 2021 WL 932017, at *1 (D. Or. Mar. 11, 2021); *United States v. Poupart*, 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021); *United States v. Johnson*, 2021 WL 863754, at *2 (W.D. Ky. Mar. 8, 2021); *United States v. Shepard*, 2021 WL 848720, at *5 (D.D.C. Mar. 4, 2021); *United States v. Lipscomb*, 2021 WL 734519, at *2 (M.D. Fla. Feb. 25, 2021); *United States v. Cortez*, 2021 WL 689923 (D. Ariz. Feb. 23, 2021); *United States v. Wakefield*, 2021 WL 640690, at *3 (W.D.N.C. Feb. 18, 2021); *United States v. Grummer*, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021); *United States v. Ballenger*, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021).

reason, 'the glaring consensus among district courts is that refusal of a COVID-19 vaccine subverts a defendant's compassionate release motion.'" *United States v. Tobin*, 2021 WL 3913584, at *3 (S.D. Tex. Aug. 31, 2021) (Tipton, J.) (quoting *United States v. Sawyers*, 2021 WL 2581412, at *4 (C.D. Cal. June 22, 2021)).[3]

For the foregoing reasons, the Court finds that Defendant has failed to demonstrate that his COVID-19 concerns warrant compassionate release.

### 2. Conditions of Confinement

Defendant further argues that the conditions of confinement during his roughly 40 months of incarceration—largely in isolation and without programming, recreational, and rehabilitative services due to COVID restrictions—have resulted in a harsher punishment than what was contemplated at the time of sentencing. With respect to motions for a sentence reduction based on

---

3. *See, e.g.*, *United States v. Downer*, 2021 WL 2401236, at *2 (D. Md. June 11, 2021); *United States v. Swindler*, 2021 WL 2374231, at *3 (D.S.C. June 10, 2021); *United States v. Hargrove*, 2021 WL 2210844, at *4 (W.D.N.C. June 1, 2021); *United States v. Strother*, 2021 WL 2188136, at *8 (E.D. Tex. May 27, 2021); *United States v. Redman*, 2021 WL 1737485, at *1 (W.D. Pa. May 3, 2021); *United States v. Deleston*, 2021 WL 1731779, at *2 (S.D.N.Y. May 3, 2021); *United States v. Braxton*, 2021 WL 1721741, at *5 (E.D. Tex. Apr. 30, 2021); *United States v. McIntosh*, 2021 WL 1660682, at *4 (S.D.N.Y. Apr. 28, 2021); *United States v. Cooper*, 2021 WL 1629258, at *7 (E.D. Pa. Apr. 27, 2021); *United States v. Baptiste-Harris*, 2021 WL 1583081, at *2 (D. Me. Apr. 22, 2021); *See United States v. Fisch*, 2021 WL 1537274, at *1 (S.D. Tex. Apr. 19, 2021); *United States v. Garcia*, 2021 WL 1499312, at *3 (C.D. Ill. Apr. 16, 2021); *United States v. Ortiz*, 2021 WL 1422816, at *4–5 (E.D. Pa. Apr. 15, 2021); *United States v. Gianelli*, — F. Supp. 3d. —, 2021 WL 1340970, at *2 (D. Mass. Apr. 9, 2021); *United States v. French*, 2021 WL 1316706, at *6 (M.D. Tenn. Apr. 8, 2021); *United States v. Greenlaw*, 2021 WL 1277958, at *7 (D. Me. Apr. 6, 2021); *United States v. Bautista*, 2021 WL 1264596, at *6 (E.D. Pa. Apr. 6, 2021); *United States v. Baeza-Vargas*, — F. Supp. 3d. —, 2021 WL 1250349, at *2–3 (D. Ariz. Apr. 5, 2021); *United States v. Pruitt*, 2021 WL 1222155, at *3 (N.D. Tex. Apr. 1, 2021); *United States v. Piles*, 2021 WL 1198019, at *3 (D.D.C. Mar. 30, 2021); *United States v. Toney*, 2021 WL 1175410, at *1 (E.D. Mich. Mar. 29, 2021); *United States v. Jackson*, 2021 WL 1145903, at *2 (E.D. Pa. Mar. 25, 2021); *United States v. Austin*, 2021 WL 1137987, *2 (E.D. Mich. Mar. 25, 2021); *United States v. Figueroa*, 2021 WL 1122590, at *5 (E.D. Cal. Mar. 24, 2021); *United States v. White*, 2021 WL 964050, at *2 (E.D. Mich. Mar. 15, 2021); *United States v. Reynoso*, 2021 WL 950081, at *2 (D. Mass. Mar. 12, 2021); *United States v. Byrd*, 2021 WL 929726, at *3 (D.N.J. Mar. 11, 2021); *United States v. Goston*, 2021 WL 872215, at *2 (E.D. Mich. Mar. 9, 2021); *United States v. Israilov*, 2021 WL 861418, at *2 (S.D.N.Y. Mar. 8, 2021); *United States v. Jackson*, 2021 WL 806366, at *2 (D. Minn. Mar. 3, 2021); *United States v. Mascuzzio*, 2021 WL 794504, at *3 (S.D.N.Y. Mar. 2, 2021); *United States v. Martinez*, 2021 WL 718208, at *2 (D. Ariz. Feb. 24, 2021); *United States v. King*, 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021); *United States v. Robinson*, 2021 WL 719658, at *1 (W.D. Pa. Feb. 23, 2021); *United States v. Lohmeier*, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021); *United States v. McBride*, 2021 WL 354129, at *3 (W.D. N.C. Feb. 2, 2021); *United States v. Williams*, 2021 WL 321904, at *3 (D. Ariz. Feb. 1, 2021); *United States v. Gonzalez Zambrano*, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021).

COVID-19, "the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person." *Koons*, 455 F. Supp. 3d at 291 (citing *Raia*, 954 F.3d at 597).

**B. Sentencing Guidelines Policy Statements and 18 U.S.C. § 3553(a) Factors**

Defendant maintains that he has demonstrated "relatively good behavior," has not incurred "one minor disciplinary action" while in prison, and poses "an extremely low risk of recidivism." D.E. 36, p. 10. He has not submitted his prison disciplinary history or any documentation to support this claim. He further emphasizes that he had no prior criminal history and the offense "luckily" did not involve a firearm and is not defined as a crime of violence. Finally, Defendant argues that the "restrictive supervision conditions available to the court upon his release will significantly reduce any risk of future criminal conduct that [his] release might otherwise pose." *Id.*, p. 11.

The offense of conviction involved 10,973 images of child pornography, including material portraying sadistic or masochistic conduct or other depictions of violence, as well as material involving a prepubescent female minor who had not attained the age of 12. Based on the nature and circumstances of the offense, the weight of the evidence, and the danger that would be posed by Defendant's early release, the Court finds that a sentence reduction would not be consistent with the applicable Sentencing Guidelines' policy statements. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The Court further finds that a sentence reduction would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(2). Finally, the Court notes that "restrictive supervision" would not reduce the danger posed by

Defendant's early release and would be unlikely to deter future criminal conduct, given that he currently has an immigration detainer and faces deportation upon his release.

**IV. CONCLUSION**

For the reasons set forth above, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a reduction would be inconsistent with § 3553(a) and the applicable policy statements issued by the Sentencing Commission. Accordingly, Defendant's Motion for Compassionate Release / Reduction in Sentence (D.E. 36) is **DENIED**.

It is so **ORDERED** this 27th day of September, 2022.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE